FILED

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

2017 MAR -9 AM 10: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

LAURA SCHLEMAN,

Plaintiff,

CASE NO.: 5:17-cv-90-Oc-30PRL

-VS-

REGIONS BANK,

Defendant.

______________________________/

**COMPLAINT**

COMES NOW Plaintiff, Laura Schleman, by and through the undersigned counsel, and sues Defendant, REGIONS BANK, and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like REGIONS BANK from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the ***1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to

rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. The alleged violations described herein occurred in Sumter County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Sumter County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, REGIONS BANK, is a corporation which was formed in Alabama with its principal place of business located at 1900 Fifth Avenue North, Birmingham, Alabama 35203 and which conducts business in the State of Florida through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. REGIONS BANK is a "creditor" as defined in Florida Statute §559.55(5)

16. REGIONS BANK called Plaintiff on Plaintiff's cellular telephone approximately fifty (50) times since March of 2016, in an attempt to collect a debt.

17. REGIONS BANK attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she received prerecorded messages from REGIONS BANK.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (352) ***-5079, and was the called party and recipient of Defendant's calls.

20. Beginning on or about March of 2016, REGIONS BANK began bombarding Plaintiff's cellular telephone (352) ***-5079 in an attempt to collect on a personal loan.

21. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (205) 451-0859, (205) 451-0743 and (205) 451-0370.

22. On or about August 19, 2016 Plaintiff answered a call to her aforementioned cellular telephone number; Plaintiff advised an agent/representative of

Defendant that she previously attempted to work out a payment plan and was unsuccessful. Plaintiff then demanded that Defendant cease place calls to her aforementioned cellular telephone number. At that time, the agent/representative of Defendant let Plaintiff know that if she does not pay the balance they will transfer her accounts to a collection agency.

23. During the aforementioned call on or about August 19, 2016 with Defendant, Plaintiff unequivocally revoked any express consent Defendant may have believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

24. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

25. Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

26. Again, on or about October 20, 2016, Plaintiff answered a call from Defendant to her aforementioned cellular telephone number and was connected to an agent/representative of Defendant known only as "William". Plaintiff demanded that Defendant cease placing calling to her cellular telephone number.

27. The Plaintiff's requests for the harassment to end were ignored.

28. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite the Plaintiff revoking any express

consent the Defendant may have believed they had to call her aforementioned cellular telephone number.

29. On at least tw0 (2) separate occasions, Plaintiff spoke with an agent/representative of Defendant, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

30. From approximately March of 2016 through the present, or at such time as will be determined after a thorough review of Defendant's records, Defendant has called Plaintiff's aforementioned cellular telephone on a daily basis, despite Plaintiffs' requests for the calls to stop.

31. From approximately March of 2016 through the present, Defendant has placed approximately fifty (50) calls to Plaintiff's aforementioned cellular telephone number.

32. REGIONS BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

33. REGIONS BANK has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or REGIONS BANK, to remove the number.

34. REGIONS BANK's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to REGIONS BANK they wish for the calls to stop.

35. REGIONS BANK has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

36. REGIONS BANK has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

37. REGIONS BANK has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

38. REGIONS BANK's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

39. REGIONS BANK has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

40. Not a single call placed by REGIONS BANK to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

41. REGIONS BANK willfully and/or knowingly violated the TCPA with respect to Plaintiff.

42. From each and every call placed without consent by REGIONS BANK to Plaintiff's cell phone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

43. From each and every call without express consent placed by REGIONS BANK to Plaintiff's cell phone, Plaintiff suffered the injury of occupation of her cellular telephone line and cellular phone by unwelcome calls, making the phone unavailable for

legitimate callers or outgoing calls while the phone was ringing from REGIONS BANK's calls.

44. From each and every call placed without express consent by REGIONS BANK to Plaintiff's cell phone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

45. Each and every call placed without express consent by REGIONS BANK to Plaintiff's cell phone was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phone, which are designed to inform the user of important missed communications.

46. Each and every call placed without express consent by REGIONS BANK to Plaintiff's cell phone resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

47. Each and every call placed without express consent by REGIONS BANK to Plaintiff's cell phone where a voice message was left which occupied space in Plaintiff's phone or network.

48. Each and every call placed without express consent by REGIONS BANK to Plaintiff's cell phone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular phone and her cellular phone services.

49. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affect in a personal and individualized way by stress and aggravation.

**COUNT I**
**(Violation of the TCPA)**

50. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-nine (49) as if fully set forth herein.

51. REGIONS BANK willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified REGIONS BANK that she wished for the calls to stop.

52. REGIONS BANK repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against REGIONS BANK for statutory damages, punitive damages,

actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the FCCPA)**

53. Plaintiff fully incorporates and realleges paragraphs one (1) through forty-nine (49) as if fully set forth herein

54. At all times relevant to this action REGIONS BANK is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

55. REGIONS BANK has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

56. REGIONS BANK has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

57. REGIONS BANK's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against REGIONS BANK for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio Gomez, Esquire
Florida Bar #: 0338620
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Telephone: (813) 223-5505
Fax: (813) 223-5402
Primary Email: TGomez@ForThePeople.com
Secondary Email: LDobbins@ForThePeople.com
*Attorney for Plaintiff*

# CALL LOG FOR 352-***-5079

| No. | Date | Time | Phone Number |
|---|---|---|---|
| 1. | 09-06-16 | 2:27 p.m. | (205) 451-0859 |
| 2. | 09-12-16 | 8:56 a.m. | (205) 451-0859 |
| 3. | 09-13-16 | 8:22 a.m. | (205) 451-0859 |
| 4. | 09-14-16 | 1:37 p.m. | (205) 451-0859 |
| 5. | 09-16-16 | 8:42 a.m. | (205) 451-0859 |
| 6. | 09-20-16 | 1:07 p.m. | (205) 451-0859 |
| 7. | 09-21-16 | 8:45 a.m. | (205) 451-0859 |
| 8. | 09-22-16 | 8:24 a.m. | (205) 451-0859 |
| 9. | 09-26-16 | 8:44 a.m. | (205) 451-0859 |
| 10. | 09-26-16 | 3:32 p.m. | (205) 451-0859 |
| 11. | 09-27-16 | 8:24 a.m. | (205) 451-0859 |
| 12. | 09-30-16 | 8:38 a.m. | (205) 451-0859 |
| 13. | 10-03-16 | 9:16 a.m. | (205) 451-0859 |
| 14. | 10-04-16 | 11:34 a.m. | (205) 451-0859 |
| 15. | 10-06-16 | 9:40 a.m. | (205) 451-0859 |
| 16. | 10-10-16 | 10:26 a.m. | (205) 451-0859 |
| 17. | 10-11-16 | 8:41 a.m. | (205) 451-0859 |
| 18. | 10-12-16 | 8:20 a.m. | (205) 451-0859 |
| 19. | 10-13-16 | 9:44 a.m. | (205) 451-0859 |
| 20. | 10-17-16 | 8:34 a.m. | (205) 451-0859 |
| 21. | 10-18-16 | 8:45 a.m. | (205) 451-0859 |
| 22. | 10-18-16 | 4:17 p.m. | (205) 451-0859 |
| 23. | 10-19-16 | 10:31 a.m. | (205) 451-0859 |
| 24. | 10-20-16 | 8:31 a.m. | (205) 451-0859 |
| 25. | 10-20-16 | 9:30 a.m. | (205) 451-0859 |
| 26. | 10-24-16 | 9:14 a.m. | (205) 451-0859 |
| 27. | 10-27-16 | 11:59 a.m. | (205) 451-0859 |
| 28. | 11-02-16 | 8:13 a.m. | (205) 451-0859 |
| 29. | 11-07-16 | 3:17 p.m. | (205) 451-0859 |
| 30. | 11-08-16 | 2:04 p.m. | (205) 451-0859 |
| 31. | 11-15-16 | 8:34 a.m. | (205) 451-0859 |
| 32. | 11-17-16 | 11:14 a.m. | (205) 451-0859 |
| 33. | 11-21-16 | 9:46 a.m. | (205) 451-0859 |
| 34. | 11-22-16 | 9:24 a.m. | (205) 451-0859 |
| 35. | 12-05-16 | 8:34 a.m. | (205) 451-0859 |
| 36. | 12-06-16 | 10:56 a.m. | (205) 451-0859 |
| 37. | 12-07-16 | 8:27 a.m. | (205) 451-0859 |

**EXHIBIT A**